UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IMAD YANNI, *et al.*,

    Plaintiffs,

    v.

CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C04-0896L

SUPPLEMENTAL ORDER REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING COUNTERCLAIM

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiffs Imad and Maryann Yanni to dismiss the Officers' counterclaim against Mr. Yanni for malicious prosecution. (Dkt. #14). On February 28, 2005, the Court issued an order denying the motion, but deferred ruling on two issues: (1) whether the damages provision of the malicious prosecution statute is preempted, and (2) whether the malicious prosecution statute is an unconstitutional restriction on speech. (Dkt. #61). Both issues are now ripe, and the Court issues this supplemental order to guide the parties.[1]

---

[1] This order presumes that Officer Elliott still wants to remain a party in the case to pursue the counterclaim even though all claims against him were dismissed by the Court's order

SUPPLEMENTAL ORDER REGARDING MOTION FOR JUDGMENT
ON THE PLEADINGS DISMISSING COUNTERCLAIM - 1

## II. DISCUSSION

Plaintiffs claim that the Officers violated their constitutional rights by unlawfully detaining Ms. Yanni, by unlawfully arresting Mr. Yanni, and by using excessive force against him. Defendants filed a counterclaim for malicious prosecution pursuant to RCW 4.24.350.[2]

In their answer to the counterclaim, plaintiffs argued the following regarding the Officers' malicious prosecution counterclaim:

(1) Under RCW 4.24.510, Mr. Yanni is immune from any state law claim for communicating his complaints about the Officers' conduct to this Court;

(2) RCW 4.24.350 violates the Supremacy Clause of Article VI, Section 2 of the Constitution and is preempted by 42 U.S.C. § 1988;

(3) RCW 4.24.350 violates the First Amendment as a content-based deterrent to a particular form of speech.

Plaintiffs moved for judgment on the pleadings based on the three arguments above. The Court found that Mr. Yanni was not immune under RCW 4.24.510 from any state law claim for communicating his complaints regarding the Officers' conduct to the Court. The Court now considers plaintiffs' remaining two arguments.

**A.    Preemption.**

Plaintiffs argue that the Officers' malicious prosecution counterclaim is preempted by 42

---

granting his motion for summary judgment. This order also presumes that Officer Mahoney still wants to proceed with the counterclaim despite the Court's denial of his motion for summary judgment. The Officers' counsel should advise the Court if there is any change in the Officers' positions regarding the counterclaim. As the Court noted during oral argument on the motions for summary judgment, the counterclaim will make certain otherwise inadmissible evidence in plaintiffs' claims admissible for purposes of defending against the malicious prosecution claim.

[2] Defendants stipulated to the dismissal of both the City's counterclaim against plaintiffs and the Officers' counterclaim against Ms. Yanni. The only remaining counterclaim is the Officers' malicious prosecution claim against Mr. Yanni.  All claims against the City of Seattle were dismissed by order dated May 2, 2005.

SUPPLEMENTAL ORDER REGARDING MOTION FOR JUDGMENT
ON THE PLEADINGS DISMISSING COUNTERCLAIM - 2

U.S.C. § 1988. The parties agree that there is no express preemption in this case. In the absence of express preemption, a statute may nevertheless be preempted if Congress intends that federal law will occupy a given field, or where a state law actually conflicts with federal law. See, e.g., California v. ARC America Corp., 490 U.S. 93, 100-01 (1989) (noting that state law can be preempted to the extent it conflicts with federal law, if compliance with both laws is impossible, or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress").

In its prior order, the Court found that the malicious prosecution statute and its fees provision are not preempted because the statute requires a showing of malice, and therefore contains a higher threshold than the applicable federal statute. Compare 42 U.S.C. § 1988 (providing that attorney's fees can be awarded against a federal civil rights plaintiff only if the litigation was "frivolous, unreasonable, or groundless"), with RCW 4.24.350 (allowing for an award of fees and costs based on a finding that the civil rights plaintiff acted without probable cause and with "malice," meaning that the "prosecution complained of was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff." Peasley v. Puget Sound Tug & Barge Co., 13 Wn.2d 485, 502 (1942)). The Court now considers whether the damages provision of the statute is preempted. Section 1988 provides only for an award of fees and costs to a prevailing defendant, whereas Washington's statute also provides for an award of damages. Plaintiffs argue that the additional penalty could deter some potential plaintiffs. Congress, however, did not intend to protect plaintiffs who file civil rights action with malice; therefore, Washington's malicious prosecution statute is not an obstacle to the enforcement of Section 1983.[3] Moreover, the statute is not intended to protect the intentional

---

[3] See, e.g., Del Rio v. Jetton, 55 Cal. App. 4th 30, 36 (1997) ("Nothing in the limited relief available under section 1988 indicates a Congressional intent to prevent a more seriously damaged defendant from pursuing a greater remedy under state tort law") (quoting California v. ARC America Corp., 490 U.S. at 105 ("Ordinarily, state causes of action are not pre-empted solely because they impose liability over and above that authorized by federal law")); see also

SUPPLEMENTAL ORDER REGARDING MOTION FOR JUDGMENT
ON THE PLEADINGS DISMISSING COUNTERCLAIM - 3

U.S.C. § 1988. The parties agree that there is no express preemption in this case. In the absence of express preemption, a statute may nevertheless be preempted if Congress intends that federal law will occupy a given field, or where a state law actually conflicts with federal law. See, e.g., California v. ARC America Corp., 490 U.S. 93, 100-01 (1989) (noting that state law can be preempted to the extent it conflicts with federal law, if compliance with both laws is impossible, or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress").

In its prior order, the Court found that the malicious prosecution statute and its fees provision are not preempted because the statute requires a showing of malice, and therefore contains a higher threshold than the applicable federal statute. Compare 42 U.S.C. § 1988 (providing that attorney's fees can be awarded against a federal civil rights plaintiff only if the litigation was "frivolous, unreasonable, or groundless"), with RCW 4.24.350 (allowing for an award of fees and costs based on a finding that the civil rights plaintiff acted without probable cause and with "malice," meaning that the "prosecution complained of was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff." Peasley v. Puget Sound Tug & Barge Co., 13 Wn.2d 485, 502 (1942)). The Court now considers whether the damages provision of the statute is preempted. Section 1988 provides only for an award of fees and costs to a prevailing defendant, whereas Washington's statute also provides for an award of damages. Plaintiffs argue that the additional penalty could deter some potential plaintiffs. Congress, however, did not intend to protect plaintiffs who file civil rights action with malice; therefore, Washington's malicious prosecution statute is not an obstacle to the enforcement of Section 1983.[3] Moreover, the statute is not intended to protect the intentional

---

[3] See, e.g., Del Rio v. Jetton, 55 Cal. App. 4th 30, 36 (1997) ("Nothing in the limited relief available under section 1988 indicates a Congressional intent to prevent a more seriously damaged defendant from pursuing a greater remedy under state tort law") (quoting California v. ARC America Corp., 490 U.S. at 105 ("Ordinarily, state causes of action are not pre-empted solely because they impose liability over and above that authorized by federal law")); see also

SUPPLEMENTAL ORDER REGARDING MOTION FOR JUDGMENT
ON THE PLEADINGS DISMISSING COUNTERCLAIM - 3

1 disclosure of false information or provide a broad grant of immunity.  See, e.g., Right-Price
2 Recreation, Inc. v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 382-84 (2002); Kauzlarich
3 v. Yarbrough, 105 Wn. App. 632, 652 (2001).  For these reasons, the Court finds that the
4 damages provision of RCW 4.24.350 does not conflict with the federal statute and therefore is
5 not preempted.

**B.     Constitutionality.**

Plaintiffs allege that the malicious prosecution statute is unconstitutional as violative of the First Amendment.  After the Court issued its previous ruling, plaintiffs served the state's Attorney General with copies of the relevant filings, and the Attorney General has been given an opportunity to be heard.  The Attorney General has not filed an appearance or any response to the motion.  The Court therefore considers the merits of the issue based on the current record.

As an initial matter, it appears that the Officers' counterclaim is "state action."  Although the City has dismissed all of its counterclaims, all defendants initially filed the malicious prosecution counterclaim in their combined answer.  Moreover, if the Officers are successful, the City could also benefit by receiving reimbursement of its attorney's fees and costs.  RCW 4.24.350(2); cf. Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (finding no state action in officer's filing of his defamation claim in part because a decision in his favor would benefit the officer, not the state).

The First Amendment prohibits laws that abridge the freedom of speech or the right "to petition the Government for a redress of grievances."  U.S. Const. amend. I.  However, the right to petition is not absolute.  Bad faith and malicious litigation are not protected activities.  Plaintiffs have failed to show how the malicious prosecution statute reaches a substantial amount of constitutionally protected activity.  Furthermore, plaintiffs have not shown that the statute is a

---

McShares, Inc. v. Barry, 266 Kan. 479 (1998) (following Del Rio v. Jetton); but see East-Twiggs Neighborhood Ass'n v. Macon-Bibb Planning & Zoning Comm'n, 674 F. Supp. 1475, 1476-77 (M.D. Ga. 1987).

SUPPLEMENTAL ORDER REGARDING MOTION FOR JUDGMENT
ON THE PLEADINGS DISMISSING COUNTERCLAIM - 4

1  content based restriction on speech.  Unlike the statutes in the cases on which plaintiffs rely,
2  RCW 4.24.350 does not allow certain types of otherwise proscribed speech based on content.[4]
3  Instead, it gives any citizen the right to file a counterclaim against any plaintiff.  The fact that
4  certain government officials are provided an additional *remedy* is quite different from
5  proscribing or allowing certain forms of speech based on *content*.  Accordingly, the malicious
6  prosecution statute is not overbroad, content based, or otherwise unconstitutional.

### III.  CONCLUSION

For all of the foregoing reasons, the Court clarifies its prior order and DENIES plaintiffs' motion to dismiss the Officers' counterclaim.  (Dkt. #14).

The Clerk of Court is directed to mail a copy of this order to the Attorney General of Washington, Tort Claims Division, Attention: Maureen Hart, Solicitor General.

DATED this 12th day of May, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

---

[4] See R.A.V. v. City of St. Paul, 505 U.S. 377, 383-84 (1992) (noting that some areas of speech, like libel, can be regulated "because of their constitutionally proscribable content, but the government "may not make the further content discrimination of proscribing only libel critical of the government"); Gritchen v. Collier, 73 F. Supp. 2d 1148, 1152 (C.D. Cal. 1999), rev'd on other grounds, 254 F.3d 807 (9th Cir. 2001) (noting that within the "broad category of proscribable speech," California improperly "carved out an exception for peace officers").