UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IMAD YANNI, *et al.*,

          Plaintiffs,

     v.

CITY OF SEATTLE, *et al.*,

          Defendants.

Case No.  C04-0896L

ORDER DENYING MOTION
FOR RECONSIDERATION

On May 2, 2005, the Court issued an order granting in part and denying in part Officer Mahoney and the City of Seattle's motion for summary judgment (the "Order").  (Dkt. #96). The Order dismissed all claims against the City, but allowed plaintiffs to proceed with all of their claims against Officer Mahoney.  On May 16, 2005, Officer Mahoney timely filed a motion for reconsideration requesting that the Court reconsider the portion of the Order regarding Imad Yanni's claim of false arrest.  (Dkt. #98).

Officer Mahoney presents two arguments in support of his motion for reconsideration of the false arrest claim.  First, he argues that the Court erred in concluding that the officers lacked probable cause for the arrest.  Officer Mahoney contends that the Court implicitly concluded that Officer Elliott had probable cause to arrest Mr. Yanni, and "[a]s long as either officer had any objectively reasonable basis for Mr. Yanni's arrest, there was probable cause and Mr.

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

Yanni's false arrest claim is extinguished." Motion for Reconsideration at 2. As an initial matter, the Order concluded that the officers did *not* have probable cause for the arrest. However, Officer Elliott was entitled to qualified immunity because "a reasonable officer could have concluded that he had probable cause to arrest Mr. Yanni for obstruction and/or assault" based on what he saw and heard. Order at 10. Officer Mahoney alleges that plaintiffs' version of what occurred prior to Officer Elliott's observations is irrelevant to the analysis of probable cause. Officer Mahoney's theory is undermined by his argument that courts should consider the arresting officers' combined knowledge when evaluating probable cause.[1] Under plaintiffs' version of the facts, Officer Mahoney was the aggressor and physically attacked Mr. Yanni prior to Officer Elliott's arrival at the scene, yet he assisted in the arrest. In those circumstances, Officer Mahoney's knowledge actually undermined probable cause. The Court did not err in concluding that the officers lacked probable cause.

Second, Officer Mahoney argues that the Court erred in finding that he was not entitled to qualified immunity for Mr. Yanni's arrest. Officer Mahoney presents no new facts or authority in support of his argument. Instead, Officer Mahoney stresses his belief that Mr. Yanni was the aggressor and was obstructing him. The inquiry, however, is not limited to what Officer Mahoney subjectively believed, but whether his belief would have been shared by a reasonable officer under the circumstances. On a motion for summary judgment, the circumstances must include the facts as plaintiffs alleged them. Officer Mahoney has not shown manifest error in the Court's conclusion that no reasonably competent officer could have concluded that probable cause existed based on the facts as alleged by the Yannis.

For the foregoing reasons, the Court DENIES Officer Mahoney's motion for

---

[1] The cases cited by Officer Mahoney do not support an argument that probable cause exists if one arresting officer acts reasonably regardless of the actions and knowledge of other arresting officers. Cf. United States v. Bernard, 623 F.2d 551, 560-61 (9th Cir. 1979) (considering officers' collective knowledge, regardless of whether it was communicated to other officers, in determining if probable cause existed).

ORDER DENYING MOTION
FOR RECONSIDERATION - 2

1    reconsideration (Dkt. #98).

2

3          DATED this 17th day of May, 2005.

4

5

6                                              Robert S. Lasnik
                                               United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ORDER DENYING MOTION
      FOR RECONSIDERATION - 3