1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IMAD YANNI, *et al.*,

        Plaintiffs,

    v.

CITY OF SEATTLE, *et al.*,

        Defendants.

Case No.  C04-0896L

ORDER REGARDING MOTION FOR
LEAVE TO FILE MOTION FOR
PARTIAL SUMMARY JUDGMENT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

This matter comes before the Court on a motion filed by plaintiffs Imad and Maryann Yanni for leave to file a motion for partial summary judgment to dismiss Officer Scott Elliott's counterclaim against Mr. Yanni for malicious prosecution.  (Dkt. #101).  For the reasons set forth below, the Court denies the motion.

## II.  DISCUSSION

Plaintiffs claim that the Officers violated their constitutional rights by unlawfully detaining Ms. Yanni, unlawfully arresting Mr. Yanni, and using excessive force against him. Defendants filed a counterclaim for malicious prosecution pursuant to RCW 4.24.350.  In December 2004, plaintiffs moved to dismiss the counterclaim on three grounds, alleging that

ORDER REGARDING MOTION FOR LEAVE TO FILE
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

1   plaintiffs were immune from any claim based on their complaints to the Court, the state

2   malicious prosecution statute was preempted, and the statute was an unconstitutional restriction

3   on speech (the "Motion to Dismiss").  Plaintiffs have never filed a motion challenging the merits

4   of the counterclaim.

5          The trial date in this case was May 2, 2005.  Due to the Court's scheduling conflict, the

6   trial is now set to begin on October 3, 2005.

7          Although the deadline to file dispositive motions passed on February 1, 2005, plaintiffs

8   nonetheless seek to file their motion now, four months later.  Deadlines may be altered only

9   upon a showing of good cause.  Where, as here, the request for an extension is made after the

10  deadline has passed, the moving party must show that the delay was the result of excusable

11  neglect.  Fed. R. Civ. P. 6(b).  The Court considers "(1) the danger of prejudice to the non-

12  moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the

13  reason for the delay, including whether it was within the reasonable control of the movant, and

14  (4) whether the moving party's conduct was in good faith."  Pincay v. Andrews, 389 F.3d 853,

15  855 (9th Cir. 2004) (en banc).

16         Plaintiffs argue that they have shown good cause because the Court's consideration of the

17  Motion to Dismiss "has been unexpectedly prolonged."  Plaintiffs' Reply at p. 1.  Although

18  plaintiffs are correct that consideration has been prolonged, the delay does not explain why

19  plaintiffs chose not to file a motion regarding the merits of the counterclaim or move for an

20  extension to do so prior to the deadline.  Certainly, plaintiffs had control over whether to file

21  either motion within the deadline.

22         Plaintiffs further argue that they have shown good cause because the Court, in its

23  supplemental order addressing the Motion to Dismiss, "interpreted the statute to be limited to

24  'the intentional disclosure of false information.'" Motion for Leave to File at p. 2 (quoting

25  Supplemental Order on Motion to Dismiss at pp. 3-4).  Plaintiffs argue that the quoted language

26  in the supplemental order set a standard for the malicious prosecution claim, and Officer Elliott

27

28  ORDER REGARDING MOTION FOR LEAVE TO FILE
    MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

1    cannot meet that standard.  Plaintiffs' argument misconstrues the Court's supplemental order.

2    The complete language from the order stated, "Moreover, the statute is not intended to protect

3    the intentional disclosure of false information or provide a broad grant of immunity.  See, e.g.,

4    Right-Price Recreation, Inc. v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 382-84 (2002);

5    Kauzlarich v. Yarbrough, 105 Wn. App. 632, 652 (2001)."  (Dkt. #97).  The quoted phrase,

6    properly read in context, did not "set a standard" for the malicious prosecution claim, and

7    certainly did not alter the clear requirements of the statute or the relevant case law.

8          Finally, unlike some dispositive motions, considering the issue now rather than at trial

9    would not necessarily save judicial resources because plaintiffs have moved to dismiss only

10   Officer Elliott's counterclaim, and not the identical counterclaim filed by Officer Mahoney.

11   Accordingly, plaintiffs have not shown good cause to file their dispositive motion four months

12   after the deadline for doing so.

13                                    **III.  CONCLUSION**

14         For all of the foregoing reasons, the Court DENIES plaintiffs' motion for leave to file a

15   motion for partial summary judgment to dismiss Officer Elliott's counterclaim against Mr. Yanni

16   for malicious prosecution.  (Dkt. #101).

17

18         DATED this 10th day of June, 2005.

19

20                                     _Robert S. Lasnik_
                                       Robert S. Lasnik
21                                     United States District Judge

22

23

24

25

26

27

28   ORDER REGARDING MOTION FOR LEAVE TO FILE
     MOTION FOR PARTIAL SUMMARY JUDGMENT - 3