UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IMAD YANNI, *et al.*,

    Plaintiffs,

    v.

CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C04-0896L

ORDER REGARDING MOTION FOR RECONSIDERATION OF THE COURT'S SUPPLEMENTAL ORDER

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiffs Imad and Maryann Yanni for reconsideration of the Court's Supplemental Order of May 12, 2005 denying their motion to dismiss defendants' counterclaim (the "Supplemental Order"). (Dkt. #100). For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

Plaintiffs moved to dismiss the Officers' malicious prosecution counterclaims based on three arguments. The Court issued an order and the Supplemental Order denying the motion. Plaintiffs seek reconsideration of the portion of the Supplemental Order that rejected plaintiffs' argument that the malicious prosecution statute (the "Statute") is a content based restriction on

ORDER REGARDING MOTION FOR RECONSIDERATION
OF THE COURT'S SUPPLEMENTAL ORDER - 1

speech.

Plaintiffs argue that the Supplemental Order misapprehended Washington law by stating, "'RCW 4.24.350 . . . gives any citizen the right to file a counterclaim against any plaintiff.'" Motion at p. 1 (quoting the Supplemental Order at p. 5). Plaintiffs argue that the statement was incorrect because the listed groups of individuals can bring a malicious prosecution claim under the Statute against a plaintiff who has simply sued them for damages. Other citizens may bring malicious prosecution claims only if they prove two additional elements not required of police officers and others identified by the Statute: (1) arrest or seizure of property, and (2) special injury. See Clark v. Baines, 150 Wn.2d 905, 912 (2004). Plaintiffs argue that the effect is that "no one can be sued for simply exercising their first Amendment right to file a civil action, unless the civil action they file alleges misconduct by a state 'judicial officer, prosecuting authority, or law enforcement officer.'" Motion at p. 2.

Plaintiffs have not shown manifest error in the Supplemental Order. The quoted portion of the Supplemental Order was not intended to imply that the source of a malicious prosecution claim is the Statute, when in fact the right arises originally from the common law. The Statute codifies the right. Most importantly, the Statute does not abridge the right of any citizen to file a malicious prosecution counterclaim against any plaintiff.

Plaintiffs' argument is premised on the assertion that a content based restriction is created by removing two elements of the claim for police officers and other public officials. To the extent that this argument raises an equal protection challenge, the issue was raised for the first time in the motion for reconsideration and is untimely. Furthermore, plaintiffs have not shown manifest error in the Court's findings that "[b]ad faith and malicious litigation are not protected activities," and even if that type of speech were protected, the Statute is not a content based restriction because it does not allow certain types of otherwise proscribed speech based on content. Supplemental Order at p. 5.

ORDER REGARDING MOTION FOR RECONSIDERATION
OF THE COURT'S SUPPLEMENTAL ORDER - 2

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration of the Court's Supplemental Order denying their motion to dismiss defendants' counterclaims. (Dkt. #100).[1]

DATED this 15th day of June, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Given the important nature of the constitutional issue, the Court has considered the substance of plaintiffs' Motion to Strike and/or for Leave to Reply which encompassed plaintiffs' proposed reply.  Accordingly, that motion (Dkt. #112) is DENIED as moot.

ORDER REGARDING MOTION FOR RECONSIDERATION
OF THE COURT'S SUPPLEMENTAL ORDER - 3