UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IMAD YANNI, *et al.*,

    Plaintiffs,

    v.

CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C04-0896L

ORDER GRANTING MOTION *IN LIMINE* TO BIFURCATE TRIAL

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' motion *in limine* to bifurcate the trial "by reserving any consideration by the jury of the defendants' counterclaims against Imad Yanni until after the verdict on plaintiffs' claims against defendant Mahoney." Motion at p. 1. (Dkt. #115).

For the reasons set forth below, the Court grants the motion.

## II. DISCUSSION

On May 2, 2005, this Court issued an order granting in part and denying in part defendants' motion for summary judgment. (Dkt. #96). The order dismissed plaintiffs' claims against Officer Elliott and against the City of Seattle but did not dismiss Ms. Yanni's unlawful

ORDER GRANTING MOTION *IN LIMINE* TO BIFURCATE TRIAL - 1

1 detention claim against Officer Mahoney or Mr. Yanni's false arrest and excessive force claims
2 against Officer Mahoney.  By separate order, the Court denied plaintiffs' motion to dismiss the
3 officers' counterclaims against Imad Yanni for malicious prosecution.  This case is set for trial
4 beginning on October 3, 2005 on Imad and Maryann Yanni's civil rights claims against Officer
5 Mahoney, and on both officers' counterclaims.  Plaintiffs argue that because this procedural
6 posture "may result in confusion and the admission of evidence that cannot properly be
7 considered by the jury with respect to the underlying constitutional claim, and may complicate
8 the record for any appeal," the counterclaims should be tried separately from, and after,
9 plaintiffs' claims are resolved.  Motion at p. 2.

10       Federal Rule of Civil Procedure 42(b) provides, "The court, in furtherance of
11 convenience or to avoid prejudice, or when separate trials will be conducive to expedition and
12 economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party
13 claim, or of any separate issue . . . ."  Pursuant to the rule, the Court has discretion to bifurcate a
14 trial after weighing the relevant factors.  The moving party bears the burden of demonstrating
15 that bifurcation would further the goals of the rule.  See, e.g., Corrigan v. Methodist Hosp., 160
16 F.R.D. 55, 57 (E.D. Pa. 1995).  "[S]eparation of issues for trial is not to be routinely ordered."
17 Advisory Committee Notes to the 1996 Amendment to Fed. R. Civ. P. 42(b).

18       Plaintiffs argue that bifurcation will promote efficiency because if Mr. Yanni prevails on
19 his claim against Officer Mahoney, then Officer Mahoney's counterclaim will fail and the jury
20 will not have to consider it.  However, the jury might still be required to consider Officer
21 Elliott's counterclaim regardless of the resolution of Mr. Yanni's claims.  Although bifurcation
22 may not dramatically improve efficiency during the trial, it will promote expedition and
23 economy after the trial.  Bifurcation will allow the appellate court to review separately the
24 verdicts from plaintiffs' civil rights claims and the officers' counterclaims, thereby minimizing
25 the likelihood of a retrial if the appellate court determines that this Court erred in allowing the
26 counterclaims to proceed.  For example, a verdict for Officer Mahoney in phase one might be

ORDER GRANTING MOTION *IN
LIMINE* TO BIFURCATE TRIAL - 2

deemed tainted by receipt of evidence in support of the counterclaims which would otherwise be inadmissible on the civil rights claims. Likewise, verdicts for the plaintiffs in phase one might be deemed tainted by receipt of evidence to rebut the officers' counterclaims which would otherwise be inadmissible in the civil rights claims.

Defendants argue that bifurcation would result in confusion and uncertainty for the jury because of the overlapping nature of the issues. Although both Mr. Yanni's claims and the counterclaims involve the merits of Mr. Yanni's claim,[1] the merits of the Yannis' claims are not inextricably intertwined with the issue of why Mr. Yanni filed suit, the issues are not factually or legally complex, and the trial is expected to last only five days. Furthermore, the officers overstate the necessity of repeating testimony in the second phase. If both phases are tried to the same jury, the witnesses would not need to repeat the testimony about what occurred during the parties' encounter, which is expected to be the bulk of the testimony. Instead, the jury would be instructed to consider testimony from the first phase in their deliberations in the second phase. Testimony in the second phase would be brief and not overly duplicative. There is no indication that repetitive documentary evidence would be presented. These factors demonstrate that any confusion and delay from bifurcation will be minimal.

The Court also considers whether the parties will suffer prejudice absent bifurcation, whether that prejudice outweighs the prejudice resulting from bifurcation, and whether the prejudice can be mitigated by other means, including limiting instructions. As discussed above, the Court finds that the officers might suffer prejudice absent bifurcation because the jury would hear testimony during plaintiffs' case about how jurors who acquitted Mr. Yanni in the criminal

---

[1] See RCW 4.24.350(1) ("In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action, or that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded.").

ORDER GRANTING MOTION *IN LIMINE* TO BIFURCATE TRIAL - 3

case encouraged him to file suit, and the jurors in this case could give undue weight to that testimony and credibility determination in considering Mr. Yanni's civil rights claims. Likewise the plaintiffs could suffer prejudice absent bifurcation because the jury would hear testimony during defendants' case about how the plaintiffs' lawsuit had a negative impact on their personal lives. The Court therefore finds that prejudice likely will occur absent bifurcation, and it is unlikely that the prejudice would be eliminated by limiting instructions.

Accordingly, after considering and weighing the above factors, the Court finds that the goals of Rule 42(b) would be best served by conducting the trial in this matter in two phases. The first phase will address Mr. and Ms. Yanni's civil rights claims, and the second phase, which will begin after the jury has rendered its verdict on the Yannis' claims, will address the officers' malicious prosecution counterclaims. Both phases will be tried to the same jury.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion to bifurcate the trial (Dkt. #115).

DATED this 9th day of September, 2005.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION *IN LIMINE* TO BIFURCATE TRIAL - 4